UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICKIE DIANNE BYRD,

                          Plaintiff,      **No. 6:17-cv-06248(MAT)**
                                                         **DECISION AND ORDER**
           -vs-

ROCHESTER HOUSING AUTHORITY, ALL H.U.D.
HOUSING FEDERAL GOVERNMENT CONTRACT
PROJECT HOUSING LOW INCOME CITIZENS,

                          Defendants.

## I. Introduction

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action on April 20, 2017, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq. on the part of Rochester Housing Authority ("RHA") and "All H.U.D. Housing Federal Government Contract Project Housing Low Income Citizens." Presently before the Court is RHA's Motion to Dismiss for Failure to State a Claim (Dkt #14), which the Court, on notice to the parties (Dkt #21), converted to a Motion for Summary Judgment. Plaintiff filed her Response in Opposition to the Motion for Summary Judgment (Dkt #24). RHA did not file reply papers. The motion was submitted without oral argument on June 6, 2018. For the reasons discussed below, summary judgment in favor of RHA is granted.

## II. Rule 56 Standard

"Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law.'" Rodriguez v. Vill. Green Realty, Inc., 788 F.3d 31, 39–40 (2d Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Stone v. City of Mount Vernon, 118 F.3d 92, 99 (2d Cir. 1997). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Rodriguez, 78 F.3d at 39 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

**III. Discussion**

    **A.   Overview of Plaintiff's Allegations**

Plaintiff's Complaint (Dkt #1) alleges housing discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA"). Her allegations, from what the Court can discern, appear to assert that on February 2, 2013, she requested that the RHA place her on a waiting list for public housing. According to Plaintiff, non-party George Getman, RHA's "Manager/Director of Application Processing," "has willingley [sic] practice[d] (Discriminatory) Housing (practice)(against) [her] person -4-

year's," by "refusing to Rent -2- [sic] [her] person[.]" Plaintiff asserts that she has "documents -2- [sic] prove it spanding [sic] years of Discriminatory Housing. . . ." (Dkt #1).

**B.   Discriminatory Practices Prohibited Under the FHA**

Plaintiff's Complaint alleges RHA has "refus[ed] to Rent -2- [sic] [her] person" over the course of several years for discriminatory reasons, in violation of 42 U.S.C. §§ 3604, 3605, and 3606.

The FHA prohibits discrimination across a spectrum of housing-related activities, including the provision of brokerage services, real estate transactions, and housing sales and rentals. See 42 U.S.C. §§ 3604-3606. Subject to certain exceptions not applicable here, the FHA makes it "unlawful—

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

> (d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.
>
> (e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin.
>
> (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
> (A) that buyer or renter,
> . . .
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--
> (A) that person . . . ."

42 U.S.C. § 3604. Plaintiff does not specify the subsections of Section 3604 under which she seeks relief.

Although Plaintiff references Sections 3605 and 3606 of Title 42 U.S.C. in her Complaint, those sections of the FHA are inapplicable. Section 3605 pertains to "residential real estate-related transactions," which is defined as "[t]he making or purchasing of loans or providing other financial assistance--(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate[;]" or "[t]he selling, brokering, or appraising of residential real property."

42 U.S.C. § 3605(b). Section 3606 pertains to "[d]iscrimination in the provision of brokerage services[.]" 42 U.S.C. § 3606.

### C. The Burden-Shifting Framework

As the Second Circuit has explained, claims of housing discrimination are evaluated under the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003) (citing Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1038 (2d Cir. 1979)). The elements of a prima facie case of housing discrimination are as follows: (1) the plaintiff is a member of a protected class; (2) the plaintiff sought and was qualified to rent or purchase the housing; (3) the defendant denied the plaintiff the opportunity to rent or purchase the housing; and (4) the housing opportunity remained available to other renters or purchasers. "[O]nce a plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision." Id. (citing McDonnell Douglas Corp., 411 U.S. at 802-03). "If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action." Id. (citing Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000)). Importantly, "although the McDonnell Douglas presumption shifts the burden of *production* to the defendant, '[t]he ultimate burden of persuading the trier of

-5-

fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (quoting Texas Dept. of Community Affairs v. Burdine, 450.S. 248, 253 (1981); emphasis and brackets in original).

**D. Application to Plaintiff's Claims**

For the sole purpose of resolving the pending summary judgment motion, the Court assumes arguendo that Plaintiff has established a prima facie case of discrimination under the FHA. The question then becomes whether RHA has asserted a legitimate, nondiscriminatory rationale for the decision not to rent to Plaintiff.

As RHA points out, documents submitted by Plaintiff herself establish that RHA considered her rental application but, in reviewing her background information, discovered the existence of a monetary judgment against her in favor of a prior landlord for unpaid rent. Plaintiff's own Exhibits B — F (Dkt #11) confirm that RHA denied her rental application because RHA's evaluation of her application revealed that she had been sued twice by her former landlord, Grove Street Management/Barbara Manor Apartments, LLC. As part of Exhibit ("Pl.'s Ex.") C (Dkt #11-2), Plaintiff submitted a copy of a judgment dated December 29, 2014, dismissing Grove Street Management/Barbara Manor Apartments LLC's landlord/tenant petition against Plaintiff in light of the parties' settlement, which

-6-

consisted of a lease renewal through October 31, 2015. Plaintiff apparently did not meet her rent obligations on the renewed lease, and Grove Street Management/Barbara Manor Apartments LLC sued Plaintiff a second time, obtaining a judgment filed on December 2, 2015, for the balance due on the renewed lease ($565.00).

Thus, in a letter dated April 14, 2017, RHA informed Plaintiff that its review of court records showed landlord/tenant judgments against her in favor of Grove Street Management/Barbara Manor Apartments, LLC. RHA notified Plaintiff that she must address those judgments before she could be admitted to the Public Housing Program. (See Pl.'s Ex. C).

In a letter dated April 20, 2017, RHA denied Plaintiff's entry into the Public Housing Program because of the history of court actions filed against her, and the existence of a judgment against her dated December 2, 2015 in favor of Grove Street Management/Barbara Manor Apartments, LLC in the amount of $565.00. (See Pl.'s Ex. D (Dkt #11-3)). On May 30, 2017, RHA sent a follow-up letter to Plaintiff explaining that her documents submitted in reply to the April 24, 2017 letter failed to address the December 2, 2015 judgment against her. (See Pl.'s Ex. E (Dkt #11-4)).

RHA did not submit a copy of the December 2, 2015 judgment in this action, but Federal Rule of Evidence 201 "allows a court to take judicial notice of adjudicative facts." A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG, 926 F. Supp. 378, 387

(S.D.N.Y. 1996) (citing Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Cafe, 566 F.2d 861, 862 (2d Cir. 1977) (per curiam) ("Rule 201 of the Federal Rules of Evidence permits this court to take judicial notice of judgments of courts of record even though the fact is presented for the first time on appeal.") (citing 21 C. Wright & K. Graham, FEDERAL PRACTICE AND PROCEDURE § 5110); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."); other citations omitted). The Court therefore may take judicial notice of Grove Street Management/Barbara Manor Apartments, LLC's court actions against Plaintiff to recover past-due rent and the award of a judgment in their favor against her. See, e.g., Colonial Leasing Co. of New England v. Logistics Control Grp. Int'l, 762 F.2d 454, 459-60 (5th Cir. 1985) ("The district court could properly take notice, under Rule 201(b), of the judgment for the limited purpose of taking as true the action of the Oregon court in entering judgment for Colonial in its action against Old Gulf Ports, the existence of which was stipulated as being known by all parties at the time of the transfer. The judicial act itself was not a fact 'subject to reasonable dispute' since Oregon court records constitute 'a source whose accuracy cannot reasonably be questioned.'") (quoting ITT Rayonier, Inc. v. United States, 651

F.2d 343, 345 n. 2 (5th Cir. 1981) (court took notice of settlement in related proceeding rendering case at bar moot); 21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5106 (Supp. 1984) ("Insofar as judicial acts recorded by court personnel are concerned, normally court records are sources of indisputable accuracy under Rule 201(b)(2)."); other citations omitted)). Moreover, Plaintiff submitted a copy of her Online Rental Exchange credit report dated April 11, 2017, indicating that a review of public records disclosed a judgment in the amount of $565.00 reported against her on December 2, 2015, in case number 2015-12545, in favor of Barbara Manor Apartments, LLC. (See Pl.'s Ex. D).[1]

After learning of the monetary judgment against Plaintiff in favor of her prior landlord, RHA gave her the benefit of the doubt with regard to her assertion that the judgment was going to be vacated soon, and it extended her administrative appeal deadlines so that she could provide proof of vacatur. However, Plaintiff failed to provide the proof which she promised was forthcoming. Accordingly, RHA upheld its denial of her rental application.

---

[1] In another lawsuit filed in this Court, Byrd v. Dunn Towers I/Apt's, *et al.*, 6:16-cv-06785-MAT (W.D.N.Y.), one of the defendants filed copies of documents filed in New York State, Monroe County Court summary proceeding, Barbara Manor Apartments v. Byrd, Index No. 2015-12545, pursuant to which an eviction warrant was issued against Plaintiff, and Barbara Manor Apartments was awarded $1,630.00 in back rent ($565), attorneys' fees ($500), and costs and disbursements ($565). That judgment was entered against Plaintiff in the Monroe County Clerk's Office on December 2, 2015. See Dunn Towers I's Motion to Dismiss (Dkt #7), Exhibit B to the Declaration of Karen Sanders, Esq. (Dkt #7-1), in 6:16-cv-06785-MAT.

Plaintiff has not proven that the legitimate reason offered by RHA was not its true reason but instead was a pretext for discrimination. Under the burden-shifting framework applicable to FHA claims, "the ultimate burden rests with the plaintiff to offer evidence sufficient to support a reasonable inference that prohibited . . . discrimination occurred." <u>Woodman v. WWOR-TV, Inc.</u>, 411 F.3d 69, 76 (2d Cir. 2005) (quotation omitted). No such inference is reasonable on the present record. In light of all of the evidence the Court has reviewed, Plaintiff has failed to show that a reasonable jury could conclude that unlawful discrimination was the real reason her rental application was rejected by RHA. Summary judgment is therefore granted to RHA.

### E. Dismissal of Remaining Defendant

Plaintiff also names "All H.U.D. Housing Federal Government Contract Project Housing Low Income Citizens." This is not an actual entity, let alone one that is capable of being sued. Indeed, no summons ever was issued with regard to it. Plaintiff, moreover, has included no allegations against this non-existent entity. Accordingly, it must be dismissed as a party.

### IV. Conclusion

For the foregoing reasons, RHA's motion for summary judgment is granted in its entirety, and Plaintiff's complaint against it is dismissed with prejudice. "All H.U.D. Housing Federal Government

Contract Project Housing Low Income Citizens," a non-existent entity, is dismissed as a party.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 7, 2018
         Rochester, New York.